EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br><br>EEOC | Agency(ies) Charge No(s):<br><br>**461-2023-02083** |
|---|---|---|
| | | and EEOC |

_State or local Agency, if any_

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*<br>Ms. Carolyn P. Sanders | Home Phone<br>985-240-0197 | Year of Birth |
|---|---|---|

Street Address

P.O. Box 7123

METAIRIE, LA 70010

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>Community Academies of New Orleans | No. Employees, Members<br>501+ Employees | Phone No. |
|---|---|---|

Street Address

9330 FORSHEY ST

NEW ORLEANS, LA 70118

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address                                          City, State and ZIP Code

| DISCRIMINATION BASED ON<br><br>Disability | DATE(S) DISCRIMINATION TOOK PLACE<br><br>Earliest<br>02/27/2023 | Latest<br>07/05/2023 |
|---|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began my employment with Community Academies of New Orleans in July 2020, most recently as a Teacher earning $61,000 annually. I was granted FMLA leave from February 27, 2023, until May 19, 2023. I requested LWOP from March 6, 2023, to May 26, 2023, due to Mutual Omaha paying me 60 percent of my salary. The principal approved my LWOP from the company. On May 29, 2023, I applied for long term disability due to my doctor submitting a request that I needed an additional 90 days from work. On June 28, 2023, I received an email from the company stating they understood my long-term disability was pending but I was discharged, and I could continue to receive benefits from Mutual Omaha. I was discharged on June 30, 2023. The company employs over 100 persons.

According to the company, I was discharged because the FMLA leave only protected my job for 12 weeks.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Carolyn P. Sanders**<br>**08/01/2023** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |
| _Charging Party Signature_ | |

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **461-2023-02083** |

and EEOC

*State or local Agency, if any*

I believe I have been discriminated against because of my disability in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Carolyn P. Sanders**<br><br>**08/01/2023**<br><br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE<br>(*month, day, year*) |

 Gmail

Carolyn Price-Sanders <carolprice609@gmail.com>

## 461-2023-02083 Carolyn P Sanders V. Community Academies Of New Orleans

6 messages

**SCARLETT MARIN** <SCARLETT.MARIN@eeoc.gov>
To: "Carolprice609@gmail.com" <Carolprice609@gmail.com>

Tue, Sep 5, 2023 at 10:20 AM

Good morning,

The purpose of this email is to let you know the Charge has been assigned to the mediation unit with an opportunity to mediate this matter through the EEOC's mediation program.    If mediation is an option, please log in the EEOC portal and select "YES" and if not select "No" for mediation.   The Charge will be returned to the Enforcement Unit to proceed with the EEOC investigation.    If you have any question, please feel free to contact me.

**Equal Employment Opportunity Commission (EEOC)**

**Scarlett Marin**

New Orleans Field Office

EEOC – Mediation Department

**Mediation Program Assistant**

Hale Boggs Federal Building

500 Poydras Street, Suite 809

New Orleans, Louisiana 70130

Telephone: (504) 635 - 2561

Facsimile: (504) 595 - 2855

Email Address: Scarlett.Marin@eeoc.gov

The **EEOC implemented 100% Agency-Wide Telework on March 17, 2020.** Limited staff is available to process mail; electronic filing of all communications through the EEOC's Public Portal is strongly encouraged through EEOC's secure online system called the EEOC Public Portal for complainant and for agencies FEDSEP. All parties to federal sector hearings who are not yet registered in the Portal and wish to file documents in their pending cases or federal employees who want to file a new request for hearing are encouraged to register in the Public Portal, located at https://publicportal.eeoc.gov/Portal/Login.aspx, and follow instructions for filing in the Public Portal.

**Carolyn Price-Sanders** <carolprice609@gmail.com>        Wed, Sep 6, 2023 at 11:01 AM
To: SCARLETT MARIN <SCARLETT.MARIN@eeoc.gov>

Thank you for the update.
[Quoted text hidden]

---

**SCARLETT MARIN** <SCARLETT.MARIN@eeoc.gov>        Wed, Sep 6, 2023 at 11:11 AM
To: Carolyn Price-Sanders <carolprice609@gmail.com>

Good morning,

Are you interested in mediation?

## Equal Employment Opportunity Commission (EEOC)

### Scarlett Marin

New Orleans Field Office

EEOC – Mediation Department

### Mediation Program Assistant

Hale Boggs Federal Building

500 Poydras Street, Suite 809

New Orleans, Louisiana  70130

Telephone:  (504) 635 - 2561

Facsimile:  (504) 595 - 2855

Email Address:  Scarlett.Marin@eeoc.gov

**The EEOC implemented 100% Agency-Wide Telework on March 17, 2020.** Limited staff is available to process mail; electronic filing of all communications through the EEOC's Public Portal is strongly encouraged  through EEOC's secure online system called the EEOC Public Portal for complainant and for agencies FEDSEP.   All parties to federal sector hearings who are not yet registered in the Portal and wish to file documents in their pending cases or federal employees who want to file a new request for hearing are encouraged to register in the Public Portal, located at https://publicportal.eeoc.gov/Portal/Login.aspx, and follow instructions for filing in the Public Portal.

**From:** Carolyn Price-Sanders <carolprice609@gmail.com>
**Sent:** Wednesday, September 6, 2023 11:01 AM

**To:** SCARLETT MARIN <SCARLETT.MARIN@EEOC.GOV>
**Subject:** Re: 461-2023-02083 Carolyn P Sanders V. Community Academies Of New Orleans

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

[Quoted text hidden]

---

**Carolyn Price-Sanders** <carolprice609@gmail.com>
To: SCARLETT MARIN <SCARLETT.MARIN@eeoc.gov>

Wed, Sep 6, 2023 at 11:21 AM

Good Morning,

I just had an outpatient procedure this morning for the low back pain. I received an injection to assist me with feeling better soon. I'm not familiar with the mediation process. Can you send me some information to review on what it looks like and how effective is the process for me in settling my claim against my former employer?
[Quoted text hidden]

---

**SCARLETT MARIN** <SCARLETT.MARIN@eeoc.gov>
To: Carolyn Price-Sanders <carolprice609@gmail.com>

Wed, Sep 6, 2023 at 11:23 AM

Can you call me at 504-635-2561?

[Quoted text hidden]

---

**Carolyn Price-Sanders** <carolprice609@gmail.com>
To: SCARLETT MARIN <SCARLETT.MARIN@eeoc.gov>

Wed, Sep 6, 2023 at 11:26 AM

Calling you now.
[Quoted text hidden]

 Gmail

Carolyn Price-Sanders <carolprice609@gmail.com>

## Charge Number - 461-2023-02083 - FYI - Investigation
1 message

**Carolyn Price-Sanders** <carolprice609@gmail.com>                    Mon, Oct 2, 2023 at 9:07 AM
To: sirwanda.hall@eeoc.gov

Good Morning Ms. Hall,

Please be advised that the HR Director Lori Knight was fired on July 28,2023. The payroll clerk who was helpful to me, Dione Glapion, was either fired or she resigned from Community Academies of New Orleans in July 2023. The principal, Dominique Zenon was supposed to return as assistant principal instead of principal, but did not return on July 17, 2023. Many other co-workers did not return to the school because of their dissatisfaction with work environment conditions and they found employment elsewhere.

Mrs. Zenon sent a text message to staff thanking them for doing a great job, she deliberately left my name off the message of support, but I received the text message because I was employed for the school year 2022-2023. She did not give me credit for working and substituting in classrooms like my other co-workers. I will download this text message for you as some evidence to investigate. I believe she was a driving force in the decision to fire me.

I thank you for all that you are doing for me in this matter.

Sincerely,


Carolyn P. Sanders

 **Gmail**

<div align="right">Carolyn Price-Sanders &lt;carolprice609@gmail.com&gt;</div>

## Charge Number - 461-2023-02083 - FYI - Investigation

3 messages

---

**Carolyn Price-Sanders** &lt;carolprice609@gmail.com&gt;                                  Wed, Dec 6, 2023 at 10:32 AM
To: sirwanda.hall@eeoc.gov

Good Morning Ms. Hall,

Please be advised that I had a medical emergency surgery performed in Marietta, GA at Wellstar Kennestone Regional Medical Center, 677 Church Street due to an aneurysm on the brain. I was discharged on November 14, 2023 and was successfully reunited with family members who drove me back home to a family residence in Kenner, Louisiana.

I am recovering well from the procedure and I received the best health care possible by a team of neurosurgeons in theAtlanta area.

My former employer, Community Academy of New Orleans, has recently been advised by NOLA Public School Board that their charter organization will not be renewed for the coming school year of 2024-25.

Can you give me an update on your investigation of my charge, dated 08-01-23?

Community Academies CEO Marylis King will still be in charge of operating the other two schools, Esperanza and Foundation Prep in the Carrollton and Mid-City areas of New Orleans for school years 2024-25.

Please advise by email at your earliest convenience.

Sincerely,

Carolyn Sanders

---

**SIRWANDA HALL** &lt;SIRWANDA.HALL@eeoc.gov&gt;                                  Wed, Dec 27, 2023 at 1:09 PM
To: Carolyn Price-Sanders &lt;carolprice609@gmail.com&gt;

Thank you for your patience,

The company retained a lawyer earlier this month who is reviewing the case. They are conducting interviews before submitting their Position Statement. Investigations depends on the company participation in the investigation. They have hired attorneys to review the allegations and submit their response. Once it is submitted the portal will alert you and it will be released for your review.

Respectfully,

Sirwanda Hall

Senior Federal Investigator

Equal Employment Opportunity Commission Office

**New Orleans Field Office**
500 Poydras Street, Room 809

New Orleans, LA 70130

Phone: 504-635-2557

Case 2:24-cv-01921-KWR   Document 1-1   Filed 08/01/24   Page 8 of 35

Fax: 504-595-2884

CONFIDENTIALITY NOTICE: This e-mail communication and any attachments may contain proprietary and privileged information for the use of the designated recipients named above. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Carolyn Price-Sanders <carolprice609@gmail.com>
**Sent:** Wednesday, December 6, 2023 10:32 AM
**To:** SIRWANDA HALL <SIRWANDA.HALL@EEOC.GOV>
**Subject:** Charge Number - 461-2023-02083 - FYI - Investigation

You don't often get email from carolprice609@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

[Quoted text hidden]

---

**Carolyn Price-Sanders** <carolprice609@gmail.com>                    Wed, Dec 27, 2023 at 5:32 PM
To: SIRWANDA HALL <SIRWANDA.HALL@eeoc.gov>

Hi Ms. Hall,

Thanks for your patience too.
[Quoted text hidden]

Case 2:24-cv-01921-KWR   Document 1-1   Filed 08/01/24   Page 9 of 35

 **Gmail**

Carolyn Price-Sanders <carolprice609@gmail.com>

## Atty. for Charging Party - Complaint - Filed in Federal Court - 461-2023-02083
3 messages

---

**Carolyn Price-Sanders** <carolprice609@gmail.com>       Mon, Feb 5, 2024 at 4:51 PM
To: SIRWANDA HALL <sirwanda.hall@eeoc.gov>

Good Evening Investigator Hall,

The attorney who is representing me about my LTD claim has filed a complaint on my behalf against the employer insurer, Mutual of Omaha on Feb. 2, 2024. I uploaded the document in the public portal for your review.

Please advise at your earliest convenience regarding this matter and other events which may have occurred since your last email message regarding my complaint.

Sincerely,

Carolyn P. Sanders, Charging Party
(504) 875-6768

---

**SIRWANDA HALL** <SIRWANDA.HALL@eeoc.gov>       Wed, Feb 7, 2024 at 2:42 PM
To: Carolyn Price-Sanders <carolprice609@gmail.com>

The company has asked for a second extension to respond to your allegations. It was due on 2/2/2024, they have changed attorneys and has asked for 2/19/2024 but they will try to get it to us sooner. They stated they are still interviewing people to produce the Position Statement. Their delayed response has hindered the investigation. When it has been uploaded you will receive an alert from our portal.

Respectfully,

Sirwanda Hall

Senior Federal Investigator

Equal Employment Opportunity Commission Office

New Orleans Field Office
500 Poydras Street, Room 809

New Orleans, LA 70130

Phone: 504-635-2557

Fax: 504-595-2884

CONFIDENTIALITY NOTICE: This e-mail communication and any attachments may contain proprietary and privileged information for the use of the designated recipients named above. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Case 2:24-cv-01921-KWR Document 1-1 Filed 08/01/24 Page 10 of 35

**From:** Carolyn Price-Sanders <carolprice609@gmail.com>
**Sent:** Monday, February 5, 2024 4:52 PM
**To:** SIRWANDA HALL <SIRWANDA.HALL@EEOC.GOV>
**Subject:** Atty. for Charging Party - Complaint - Filed in Federal Court - 461-2023-02083

You don't often get email from carolprice609@gmail.com. Learn why this is important

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

[Quoted text hidden]

---

**Carolyn Price-Sanders** <carolprice609@gmail.com>                                     Wed, Feb 7, 2024 at 6:51 PM
To: SIRWANDA HALL <SIRWANDA.HALL@eeoc.gov>

No problem, thank you for the update.
[Quoted text hidden]


ADAMS AND REESE LLP

**Attorneys at Law**
Alabama
Florida
Georgia
**Louisiana**
Mississippi
South Carolina
Tennessee
Texas
Washington, DC

**Lauren L. Tafaro**
Direct: 504.585.0347
E-Fax: 504.586.7930
lauren.tafaro@arlaw.com

February 16, 2024

***Via EEOC Respondent Portal***
Sirwanda Hall
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, Louisiana 70130

   Re: Charging Party: Carolyn P. Sanders
      EEOC Charge No.: 461-2023-02083
      Respondent: Community Academies of New Orleans

Dear Ms. Hall:

  Adams and Reese LLP represents Community Academies of New Orleans ("CANO") and submits this position statement in response to the Charge of Discrimination filed by Carolyn P. Sanders.[1] Ms. Sanders's Charge asserts that CANO discriminated against her disability (unnamed), in violation of the Americans with Disabilities Act of 1990, as amended. CANO denies all allegations and responds as follows.

  CANO did not discriminate against Ms. Sanders on the basis of her unnamed disability. CANO treated Ms. Sanders fairly and provided her with all requested accommodations and support. In return, Ms. Sanders failed to communicate with CANO and failed to request any

---

[1] By submitting this information, CANO does not waive any of the legal defenses it may have to Ms. Sanders's Charge or to any other proceedings that he may institute. CANO specifically reserves the right to raise jurisdictional or procedural defenses as a complete or partial defense to Ms. Sanders's Charge. Additionally, if a fact-finding conference is held with respect to the Charge, CANO may wish to rely upon additional facts and materials not set forth in this position statement. Furthermore, since the Commission's investigation into this matter is ongoing and has not yet been completed, and given any limitations which may exist as a result of the procedures of the EEOC with regard to giving CANO access to statements, documents, and other information from Ms. Sanders's and other individuals who may have knowledge of his claims, prior to the filing of this position statement, this position statement is necessarily limited and may not include all facts and legal issues relating to Ms. Sanders's claims. CANO reserves the right to supplement this submission with additional information, defenses, or arguments.

While the information contained in this position statement is believed to be true and correct in all respects, and is submitted in conjunction with CANO's obligation to engage in good faith conciliation and/or resolution of this Charge, it is to be used for that limited purpose only. It does not constitute an affidavit and is not intended to be used as evidence of any kind at any trial or other court proceeding in connection with the above-referenced claims.

Ms. Sirwanda Hall
February 16, 2024
Page 2

additional accommodations. Then, as the term of Ms. Sanders's at-will employment was drawing to a close in June of 2023, CANO was forced to make the difficult decision to eliminate several positions – including Ms. Sanders's – prior to the 2023-2024 school year. Accordingly, CANO respectfully requests that the EEOC dismiss Ms. Sanders's Charge.

## I. FACTUAL BACKGROUND

### A. About Community Academies of New Orleans

CANO is a charter school operator of three public charter schools in New Orleans, Louisiana. Founded in 2020, CANO serves students from all over the New Orleans community, including students in pre-kindergarten through 8th grade. Ms. Sanders was employed as an interventionist at Lafayette Academy Community Middle School, which, during the 2022-2023 year, served 6th through 8th grade and was in the Holly Grove neighborhood of New Orleans.

As a public charter school committed to offering a safe, supportive learning environment for the surrounding communities, CANO is an equal opportunity employer and does not tolerate discrimination, harassment, or retaliation of any kind in the workplace. It is CANO's policy to provide an equal employment opportunity to all employees and applicants for employment without regard to race, color, sex, religion, age, national origin, physical or mental disability, veteran status, or any other basis prohibited by federal, state, and local laws. This policy applies to, but is not limited to hiring, placement, promotion, termination, layoff, transfer, leave of absence, compensation, and training. (*See* CANO's Employee Handbook, in pertinent part, **Exhibit A**, p. 4). Additionally, CANO's policy includes specific complaint and reporting procedures for employees who witness or who believe they have been subjected to discrimination or harassment. (*See id.*, pp. 5-7).

### B. Ms. Sanders's Employment with CANO

Ms. Sanders was employed as a teacher at Lafeyette Academy (operated by Choice Foundation) in 2011 and, following CANO's operation of Lafayette Academy in 2020, she remained on CANO's staff as an interventionist. (*See* Sanders Offer Letters, **Exhibit B**). In this role, Ms. Sanders was an at-will employee. (*See* **Exhibit A**, p. 5).

On Sunday evening, March 5, 2023 at approximately 7:53 p.m., Ms. Sanders emailed CANO's human resources department that she "need[ed] to take some FMLA time to take care of some medical issues with vision and joint pain," which would begin the next morning, March 6, 2023. (*See* Sanders Correspondence, *in globo*, **Exhibit C**, pp. 6-7). Ms. Sanders's email indicated that while she was out on this leave for joint pain, she would also be receiving eye surgery. (*Id.*). Ms. Sanders then did not appear for work on March 6, 2023, although no FMLA paperwork had been completed or approved, and she had not made any request for approved time off in accordance with CANO's policies. Instead, Ms. Sanders sent school leadership an email on March 6, 2023 at 7:30 a.m. bearing the subject line, "Medical Leave Request – 3 Months – Effective Monday, March 6, 2023." (*Id.* at p. 10). CANO was surprised by these emails, as Ms. Sanders never indicated

Ms. Sirwanda Hall
February 16, 2024
Page 3

previously that she suffered from a medical condition, requested an accommodation, or otherwise requested leave time in accordance with its policies.

That same day, March 6, 2023, CANO's Human Resources Director, Lori Knight, spoke to Ms. Sanders regarding her FMLA and STD leave requests. (*Id.* at p. 11). During this conversation, Ms. Sanders informed Ms. Knight that her leave request was specifically as a result of "joint pain," and that she would be also receiving eye surgery while out on FMLA leave for "joint pain." (*Id.*). According to Ms. Sanders, she had been in communication with Dominique Zenon, the Lafayette Academy Principal, regarding her joint pain – but when Ms. Knight asked Ms. Zenon whether that was true, Ms. Zenon confirmed that Ms. Sanders did not "mention joint pain … until [the morning of March 6, 2023] when [she] called her after receiving an email that said she was on medical leave for 3 months." (*Id.*).

In a follow up email to Ms. Sanders the next day, Ms. Knight confirmed Ms. Sanders's failure to communicate or request leave time in accordance with CANO's policies – specifically, Ms. Sanders's decision to notify CANO on a Sunday evening that, beginning the next morning, she would be out for three (3) months. (*Id.* at pp. 5-6). However, CANO determined that because Ms. Sanders disclosed an unnamed medical condition, it would approve her requested time off while her FMLA paperwork was completed, reviewed, and approved – a process that normally requires 30 days' notice by an employee under CANO's policy. (*Id.* and CANO FMLA Policy, **Exhibit A**, p. 16). Stated differently, despite Ms. Sanders's failure to follow CANO's policies, CANO placed Ms. Sanders on an unpaid leave of absence as a reasonable accommodation following her requests.

Ms. Sanders was ultimately approved for FMLA leave until May 19, 2023. On May 11, 2023, CANO received a notice from one of Ms. Sanders's physicians, Dr. Edward Graber, indicating "it is in the best interest of [Ms. Sanders] to be cleared to return to work by Dr. Thomas Francavilla, her current neurosurgeon," although Dr. Graber acknowledged her current return date was in the fall of 2023. (*See* May 11, 2023 Doctor's Note from E. Graber, **Exhibit D**). On May 15, 2023, Ms. Knight followed up with Ms. Sanders to confirm that she was expected to return to work on May 22, 2023 unless additional paperwork was received. (*See* **Exhibit C**, p. 1). Ms. Knight also asked Ms. Sanders to please be prepared to discuss any requested accommodations for her return to work and medical paperwork for the same. (*Id.*). On May 17, 2023, CANO received a notice from Dr. Thomas Francavilla, Ms. Sanders's neurosurgeon, that Ms. Sanders could not return to work "until further notice" due to an unnamed disability preventing her from being able to "bend, stoop, walk, and lift without being in extreme pain." (*See* May 17, 2023 Doctor's Note from T. Francavilla, **Exhibit E**). Dr. Francavilla indicated that he would send an updated statement following Ms. Sanders's next appointment on May 31, 2023. (*Id.*).

CANO – although it did not receive any communication or specific request from Ms. Sanders – granted this Ms. Sanders additional unpaid leave as an accommodation until more information could be provided. On June 2, 2023, CANO received the updated paperwork from Dr. Francavilla, which revealed that despite Ms. Sanders's requests for FMLA and unpaid leave for "joint pain" on March 6, 2023, Ms. Sanders did not seek treatment from Dr. Francavilla for this still-unnamed disability until April 14, 2023 – over a month later. (*See* June 2, 2023 Doctor's Note

Ms. Sirwanda Hall
February 16, 2024
Page 4

from T. Francavilla, **Exhibit F**). Dr. Francavilla indicated that Ms. Sanders was "unable to stand/walk for prolonged periods without sitting/resting," but that she was expected to return to full function by August 31, 2023. (*Id.*). Despite receiving this note from Ms. Sanders's physician, CANO did not hear from Ms. Sanders herself regarding her return to employment.

### C.  CANO Brings Lafayette Academy - Middle School and Lafayette Academy - Lower School Back in the Same Building

Lafayette Academy originally occupied a large school building on Carrollton Avenue but, in 2018, it was discovered that the building required asbestos remediation. As a result, Lafayette Academy was broken up into lower and middle schools at different locations. After several years of remediation, however, CANO determined it would have the ability to reunify Lafayette Academy as one school in the Carrollton Avenue building for the 2023-2024 school year. This planned reunification, along with the drop in enrollment felt by many New Orleans-area charter schools, required CANO to re-evaluate its staffing needs.

Ms. Sanders's employment with CANO was set to expire on June 30, 2023 and, other than the June 2, 2023 communication directly from her physician, CANO did not have any information from Ms. Sanders regarding her intent or ability to return to work with accommodations. Around this same time, CANO realized that Ms. Sanders' position – along with several others – would need to be eliminated as part of its downsizing efforts back in the Carrollton Avenue building. Ultimately, CANO made the difficult decision to eliminate eight (8) different positions, and therefore not to renew those eight (8) employees, including Ms. Sanders. (*See* 2023 Employee Non-Renewals as Reduction-In-Force, **Exhibit G**).

Accordingly, on June 26, 2023, CANO contacted Ms. Sanders to inform her that as of July 1, 2023, her employment status with CANO would no longer be active. (*See* June 26, 2023 Notice to Sanders, **Exhibit H**). CANO appropriately reported this separation as a reduction in force. (*See* Sanders Termination Notice, **Exhibit I**).

## II.    MS. SANDERS CANNOT PROVE ANY ADA VIOLATION

Under the ADA, Ms. Sanders must make a *prima facie* showing that: 1) she has a disability, history of a disability, or was regarded as disabled; 2) she was qualified for the job; and 3) she was subject to an adverse employment decision on account of her disability. *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If Ms. Sanders meets this burden, CANO must then articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 694. Once it provides such a reason, the burden shifts back to Ms. Sanders to ultimately prove that he was terminated "because of" her alleged disability. 42 U.S.C. § 12112(a).  Here, Sanders's discrimination claim fails for multiple reasons.

Ms. Sirwanda Hall
February 16, 2024
Page 5

### i. Ms. Sanders cannot establish that she was disabled or properly notified CANO of her purported disability.

First, Ms. Sanders's Charge – just as her communication with CANO – fails to identify Ms. Sanders's purported disability. To date, CANO is unclear what disability from which Ms. Sanders suffers. CANO's Employee Handbook provides specific procedures for employees to request accommodations and to disclose disabilities, including specifically informing CANO's human resources department. (*See* **Exhibit A**, p. 3-4). Despite Ms. Sanders's failure to follow these policies and, despite being given less than twelve (12) hours of notice that Ms. Sanders sought at least three (3) months of medical leave, CANO accommodated Ms. Sanders and provided excused absences outside of her FMLA leave. CANO then attempted to obtain information from Ms. Sanders regarding her medical condition and how CANO could further support her. Ms. Sanders instead communicated solely through her doctor and gave no indication she intended to return to work. Even without the information requested from Ms. Sanders, CANO took steps to support her by excusing her absences outside of leave time until it determined that it would not renew her employment for the 2023-2024 school year.

### ii. CANO did not separate Ms. Sanders's employment because of her disability.

Ms. Sanders's EEOC Charge implies that she was terminated because of her disability (although, again, no disability is identified). However, there are no legitimate facts in Ms. Sanders's Charge to substantiate her assertion, and Ms. Sanders cannot make out a *prima facie* case of disability discrimination because she cannot show she was terminated because of her unknown disability. Rather, the facts and communications show that she failed to provide CANO with any information related to necessary accommodations (other than the need for a leave of absence) or her ability to return to work in some capacity. In fact, CANO permitted Ms. Sanders to remain employed for a period of nearly six weeks following the expiration of her FMLA leave while waiting for her to provide medical documentation or some information on when she could return to work. When CANO finally received information from Ms. Sanders' physician indicating she may be able to return to work on August 31, 2023, Ms. Sanders did not communicate with CANO at all regarding her intent to return or any requests for accommodations to do so. CANO could not offer indefinite leave time as an accommodation (regardless of the purported disability, which was still unknown). *See Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017) (citing *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 481 (5th Cir. 2016)) ("Time off, whether paid or unpaid, can be a reasonable accommodation, but an employer is not required to provide a disabled employee with indefinite leave.").

Further, CANO did not terminate Ms. Sanders because of her unnamed disability. Instead, CANO was faced with a difficult decision resulting from its intent to reunify the lower and middle Lafayette Academy schools back into a single building, and ultimately made the choice to reduce its workforce – affecting eight (8) total employees, including Ms. Sanders. Stated differently, eight (8) positions at CANO were eliminated prior to the 2023-2024 school year, including Ms. Sanders's position. Accordingly, CANO's reasons for Ms. Sanders's separation were undoubtedly non-discriminatory, and her ADA claim must fail.

Ms. Sirwanda Hall
February 16, 2024
Page 6

## III.   CONCLUSION

There is no factual or legal merit to Ms. Sanders's claim that CANO discriminated against her because of her unnamed disability. In fact, the evidence shows the opposite, that CANO provided Ms. Sanders with consistent support in the form of excused leave, short term disability, and FMLA, while attempting to obtain information on her return to work (and despite her failure to timely communicate with CANO regarding these requests). As the term of Ms. Sanders's at-will employment drew to a close in the summer of 2023, CANO was required to make the difficult decision to reduce its workforce in order to accommodate moving the schools back into a single building. As such, CANO respectfully requests the EEOC to promptly issue a finding of "no cause."

We trust the information in this letter sufficiently responds to Ms. Sanders's charge allegations. However, should you desire any additional facts or materials, please do let us know.

Sincerely,

**ADAMS AND REESE LLP**

*/s/ Jennifer B. Oliaro*
Lauren L. Tafaro
Jennifer B. Oliaro

Enclosures

| NAME | SCHOOL | POSITION |
|---|---|---|
| Troy Sawyer | LALS | Teacher-Music |
| Pauline Edwards-Boyd | LALS | SpED Instructor |
| Desmond Benn | LACMS | Teacher-JAG |
| Latasha Long | LACMS | Teacher-SpEd SC |
| Teri'Ane Martin | LACMS | Teacher-Math |
| Kayla Joseph | LACMS | Teacher-ELA |
| Christopher Matthews | LACMS | SpEd Resource |
| Carolyn Sanders | LACMS | ELA Interventionist |

EXHIBIT

G



**COMMUNITY**
A C A D E M I E S
OF NEW ORLEANS

June 26, 2023

**CAROL SANDERS**
ADDRESS ON FILE

Dear Ms. Sanders (Carol),

I hope this letter finds you recovering and doing well and enjoying your summer.

Please accept this notice as confirmation that your FMLA Leave entitlement which began on February 27, 2023 has expired as of May 19, 2023 as well as your Short-Term Disability leave which expired as of May 12, 2023.

Under the FMLA regulations, you have exhausted your leave entitlement and no longer have job protection under the law. Additionally, all other leave options as required by state and federal laws have also been exhausted and therefore, we regretfully inform you that your employment status will no longer be active as of July 1, 2023.

We are aware that your Long-Term Disability request is still pending approval via Summit Holdings. Upon confirmation of their decision to approve, you may continue receiving these benefits directly from Summit.

If you have any questions or concerns, please do not hesitate to contact me directly via HR@communityacademies.org.

Warm Regards,

*Lori L. Knight*

Lori L. Knight
Human Resources Director
Community Academies of New Orleans, Inc.

Copy: Personnel File

**EXHIBIT**
**H**

Community Academies of New Orleans, Inc.
3121 Saint Bernard Avenue
New Orleans, Louisiana 70119

## PERSONNEL ACTION FORM

New Hire ☐     Separation ☑     Rehire ☐     Status Change ☐

### Personal Information

| | | | | | |
|---|---|---|---|---|---|
| Employee Name | Carolyn Sanders | DOB | 8/6/1954 | SSN (last four digits) | 000-000-4576 |
| Address | P. O. Box 7123 | | | Apt. | |
| City | Metairie | State | Louisiana | Zip Code | 70010 |
| Home Phone No. | | | | Cell Phone No. | (504) 875-6768 |
| Personal Email Address | | carolprice609@gmail.com | | | |

### Work Information (Use for New Hires/Terms)

**Employee Status**

| Part-Time | ☐ | Full-Time | ☑ | Contract (1099) | ☐ |
|---|---|---|---|---|---|
| Hire/Rehire Date | 7/27/2011 | | Position | Interventionist | |
| Location | Lafayette Middle | | | | |
| Manager / Supervisor | Dominique Zenon | | | | |

### Salary Information (Use for New Hires)

| | | | |
|---|---|---|---|
| Annualized/Biwkly Rate (full-time employees) | | Hourly Rate (part-time employees) | |
| FLSA Status | Exempt/Salaried ☐ | | Non-Exempt/Hourly ☐ |
| Bonus/Stipend Amount | | Reason for Bonus/Stipend | |
| Date Bonus / Stipend Issued | | | |

### Status Change (check all that apply)

| | | | |
|---|---|---|---|
| Job Title Change ☐ | Effective Date | | |
| Current Job Title | | New Job Title | |
| Location Change ☐ | Effective Date | | |
| Current Location | | New Location | |
| Salary Change ☐ | Effective Date | | |
| Current Salary (salaried/hourly) | | New Salary (salaried/hourly) | |
| Supervisory Change ☐ | Effective Date | | |
| Current Supervisor | | New Supervisor | |
| Position Status Change ☐ | Effective Date | FT/PT | Exempt/Non-Emempt |
| Current Position | | New Position | |

**EXHIBIT**

**I**

**Community Academies of New Orleans, Inc.**
3121 Saint Bernard Avenue
New Orleans, Louisiana 70119

## PERSONNEL ACTION FORM

| Separation of Employment | | | |
|---|---|---|---|
| **Effective Date of Separation** | 6/30/2023 | **Last Day Worked** | 2/16/2023 |
| **Voluntary** ☐ | **Involuntary** ☑ | | **Deceased** ☐ |
| **Voluntary Reason** | ☐ Resignation | ☐ Retirement | ☐ Job Abandonment |
| **Involuntary Reason** | ☐ Discharged / Fired | ☑ Reduction In Force / Reorganization / Layoff | |

| Completed by | | | |
|---|---|---|---|
| HR Manager | Giavette S. Porter | Date | 6/30/2023 |

| Approvals | | | |
|---|---|---|---|
| HR Director | Lori Knight | | |
| Payroll Manager | Tracey Smith / Dione Glapion | Date | |

 Gmail

**Carolyn Price-Sanders <carolprice609@gmail.com>**

## Workplace Justice Project Inquiry
1 message

**Andrea Agee <amagee@loyno.edu>**                                    Wed, Mar 13, 2024 at 10:03 AM
To: carolprice609@gmail.com

Ms. Sanders

I am following up on your inquiry for assistance with an EEOC position statement. Could you please provide the due date for the statement (if given)? Also, when would be a good time for a phone call? I have a tight schedule but may have some availability to talk tomorrow. Please let me know.

Thank you

--
**Andrea M. Agee**
Senior Staff Attorney
**Workplace Justice Project**
**Stuart H. Smith Law Clinic**
**Loyola College of Law**
7214 St. Charles Avenue, **Box 902**
New Orleans, LA 70118
amagee@loyno.edu
Direct: (504) 861 5501
Fax:     (504) 861 5532

**CONFIDENTIALITY NOTICE:** The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

## REBUTTAL TO POSITION STATEMENT

## POSITION WITH CANO

I was employed as an ELA Interventionist for CANO. Per my job description, CANO described the physical demands of this position as those requiring that I be able to 1) walk for 75% of the day 2) continuously walk throughout the buildings assisting teachers and students and 3) occasionally move through the school and buildings for meetings and 4) walk up flights of stairs. **EXHIBIT " A.1 "**

For reasons unknown to me, CANO's position statement makes no mention of my official title, or the physical requirements it imposes on one holding the position of ELA Interventionist.

## CANO WAS AWARE THAT I HAD A DISABILITY UNDER THE LAW

On March 5, 2023, I made CANO aware that I was experiencing vision related problems that required two surgeries to address in the coming weeks. I also informed CANO that I was experiencing joint pain. Under the ADA, this was sufficient to alert CANO that I may have a disability, which is defined very broadly under the statute. A disability is any impairment that substantially limits life activities. This include an impairment of vision and an impairment of walking and standing.

CANO attempts to downplay my medical problems now by referring to them as the "unnamed disability." As CANO is well aware, the medical evidence shows that I was unable to stand or walk for a prolonged period of time without sitting or resting. My physical condition, including lower back pain, arthritis, osteoporosis, hip pain and carpal tunnel, significantly impacted my ability to perform daily life activities and decreased my functional mobility.

## CANO FMLA PROCEDURES

CANO's allegation that I never indicated that I suffered from a medical condition prior to my request for accommodations is of no consequence under the FMLA or the ADA, and irrelevant to the issue of discrimination on the basis of disability. To that end, my medical issues caused me so much pain that I was unable to postpone medical treatment in order to comply with CANO procedures FMLA processing, namely, a 30 day processing period.

## REASON FOR SEPARATION

On May 11, 2023, Dr. Gaber gave notice to CANO that my anticipated return date would be in fall of 2023.  At the time notice was given by CANO's insurer, Mutual of Omaha, **EXHIBIT "A.2 "**, school had ended, which meant that I would not return to my position until the start of the new school semester in fall 2023. In fact, my physician made CANO aware that I would be could able to return to work on August 31, 2024. **EXHIBIT " A.3 "**

By correspondence (email) dated June 26, 2023, CANO advised me that CANO was aware that my application for my employer provided, long term disability benefits  was still pending approval. Nevertheless, in that same correspondence, CANO stated that my separation from employment was due to exhaustion of FMLA leave, and "…all other leave option as required by state and federal laws have also been exhausted…" **EXHIBIT " A.4 "**.

Now, following the filing of my Charge, CANO represents that its decision to terminate me was due to a reduction in workforce. This explanation contradicts what CANO's own written records and is not worthy of credence.

Further, while I may have exhausted all of my FMLA leave, CANO still had an obligation under the ADA to engage in an interactive process with me to find reasonable accommodations.  Instead, CANO made no effort to offer additional time off as accommodations, despite the fact that doing so would not be an undue hardship. CANO also failed to determine whether job restructuring, might also be a reasonable accommodation. Instead, CANO took adverse action taken against me, for the reasons so clearly articulated in CANO's correspondence on June 26, 2023.

For the foregoing reasons, I respectfully submit that CANO's actions constitute discrimination on the basis of disability under the Americans with Disabilities Act.  I am attaching to this rebuttal all of the supporting exhibits for EEOC's review of my charge of discrimination by CANO.


Carolyn Sanders, Charging Party

 Gmail

**Carolyn Price-Sanders <carolprice609@gmail.com>**

## Request for Mediation - Damages
1 message

**Carolyn Price-Sanders** <carolprice609@gmail.com>                    Fri, Apr 5, 2024 at 2:56 PM
To: SIRWANDA HALL <sirwanda.hall@eeoc.gov>

Good Afternoon Sr. Inspector Hall,

Thank you for allowing me time to look for documents relative to my charge with EEOC.  I'm attaching your document
submitted to me last week and I have added another damage area.

After your review of the attached document please let me know the deadline for submitting all the amounts stated for
damages.

Sincerely yours,


Carolyn Sanders, Charging Party

📄 **Damage Assessment Letter - Google Docs.pdf**
151K

Gmail - Mediation Document for Damages

 Gmail                                    **Carolyn Price-Sanders <carolprice609@gmail.com>**

## Mediation Document for Damages

1 message

**Carolyn Price-Sanders** <carolprice609@gmail.com>                   Tue, Apr 2, 2024 at 6:00 PM
To: Andrea Agee <amagee@loyno.edu>

Good Evening Atty. Agee,

It took me a while to figure this document out.  I added punitive damages to the mediation process.  The original document only had monetary and compensatory damages listed.  I would love to get your feedback on what I typed up for submission by Friday, April 5, 2024.

Thanks again for your help,

Sincerely,


Carolyn Sanders, Charging Party

📄 **Damage Assessment Letter .docx**
    47K



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New Orleans Field Office

500 Poydras St., Room 809
New Orleans, LA 70130
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New Orleans Status Line: (866) 408-8075
New Orleans Direct Dial: (504) 595-2826
TTY (504) 595-2958
FAX (504) 595-2884
Website: www.eeoc.gov

Sent via Email   - Carolyn Sanders - Answers

The investigation into the above captioned matters is progressing.  We need information to assess the damages appropriate for this case.  Please provide information needed to assess your level of damages.  To help you, the following questions are provided:

## Monetary Damages

1.  Your pay rate and number of hours per week worked at the company
    Rate 2368.45 @ 40 hours per week.
2.  The date you lost your job at the company.
    I lost my job on June 30, 2023.
3.  The date you were granted unemployment (if applicable):
    Not Applicable –(Suit in Federal Court for  LTD claim )
4.  Amount of monthly unemployment received (if applicable):
    Not Applicable
5.  The date your unemployment ended (if applicable):
    Not Applicable
6.  The date you became reemployed. Not Working –
    Not Applicable
7.  Your pay rate and number of hours per week worked at new employment?
    Not Applicable
8.  Total backpay seeking from company:
    (1) week of sick Leave Pay (Feb. 27-March 3, 2023)$1,184.22  (3) Weeks of Summer Pay @ $ 2,368.45(attachment) 7,105.35
    (2) 15 months of LTD pay @ $3,034.56 (Approx.) $45,518.40.
    (3) Total Monetary damages seeking from company is $53,807.97:

## Compensatory Damages

1.  Any lost medical expenses?
    Yes, (Drs. Campo, Gaber, Hubbell, Francavilla) $2,500.00 (Approx.)
2.  Any relocation costs?
    Yes, (will forward receipts) 1,000 (Approx.)
3.  Explain any damages you incurred as a result of the job loss including such things as emotional distress, pain and suffering, loss of monthly income, housing, food, car insurance payments, damage to your credit standing or professional standing, loss of reputation, etc.
    Yes, (will forward receipts) $250,000.
4.  Any monies that you spent to secure new employment?
    None
5.  Attorney fees?

1

Yes, (Brandon Operana) Out-of-State Attorney 33 and one-third percent of LTD claim (Approx.) $15,157.63.

6.  Any additional monetary lost you've endured?
    Yes, (1099) reimburse 401K John Hancock Trust Company, LLC ($31,452.99)
7.  Total compensatory damages seeking from company is $300,110.62.

Punitive Damages

1.  Denying I have a disability and terminating my employment under false pretenses, statements in emails and in their Position Statement submitted to EEOC.
2.  The total amount punitive damage seeking from the company is $1,000,000.

If none of the questions apply, provide what you are financially seeking to resolve the case with the company.

Please keep us apprised of any changes to your contact information. If you have any questions, you may email me at sirwanda.hall@eeoc.gov.

Sincerely,

//Sirwanda Hall//
Sirwanda D. Hall

2

 Gmail

Carolyn Price-Sanders <carolprice609@gmail.com>

## Community Academies of New Orleans 461-2023-02083
2 messages

**SIRWANDA HALL** <SIRWANDA.HALL@eeoc.gov>                     Wed, May 22, 2024 at 9:57 AM
To: Carolyn Price-Sanders <carolprice609@gmail.com>

Good morning,

Your case is still open under investigation with our office.  When a final determination is made you will be contacted.  This is a lengthy process, you case is still being reviewed, at any time you can request the Notice of Right to Sue and we will issue it upon your request.  If not, you will be contacted on June 3, 2024, with our final recommendation.

Respectfully,

Sirwanda Hall

Senior Federal Investigator

Equal Employment Opportunity Commission Office

New Orleans Field Office
500 Poydras Street, Room 809

New Orleans, LA  70130

Phone:  504-635-2557

Fax: 504-595-2884

CONFIDENTIALITY NOTICE: This e-mail communication and any attachments may contain proprietary and privileged information for the use of the designated recipients named above. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Carolyn Price-Sanders** <carolprice609@gmail.com>                     Wed, May 22, 2024 at 1:31 PM
To: SIRWANDA HALL <SIRWANDA.HALL@eeoc.gov>

Thank you for getting back to me!
[Quoted text hidden]



**Operana Law Office**

**Brandon Operana**
Attorney at Law*

May 23, 2024

*Via Email:* <u>leung_chambers@mnd.uscourts.gov</u>

The Honorable Tony N. Leung
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

        **RE:**         **Sanders v. United of Omaha Life Insurance Company**
        **Case #:**    **24-cv-00364-NEB-TNL**

Dear Judge Leung,

I am writing to you at your request for a confidential letter in this matter pursuant to the Notice of and Order for Pretrial Scheduling Conference (Doc. No. 7). The order requested we provide a Letter/Memorandum concerning settlement and whether the case would be appropriate for early settlement or alternative dispute resolution.

Plaintiff provided Defendant with a settlement demand on May 6, 2024. We are awaiting Defendant's initial counteroffer and/or response. The parties have agreed upon the total amount of exposure in this matter, which is about $46,000. Although the parties will attempt to resolve this matter through informal negotiations, I do not anticipate this matter will be able to settle informally due to the relatively low case value. The Plaintiff has also expressed a strong desire to attend a settlement conference.

Accordingly, we feel that an early settlement conference (half day and virtually) would be appropriate in this matter. Thank you for your consideration.

Sincerely,

*Brandon Operana*

Brandon Operana
Attorney at Law
Direct: 612-568-8607
Brandon@OperanaLaw.com

---

Mailing Address:
PO Box 26760
Minneapolis, MN 55426

Toll Free: 855-999-1969
Fax: 800-650-9332
*Licensed in MN and IL

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| CAROLYN SANDERS, <br><br> PLAINTIFF, <br><br> V. <br><br> UNITED OF OMAHA LIFE INSURANCE COMPANY, <br><br> DEFENDANT. | CIVIL NO. 24-CV-0364 (NEB/TNL) <br><br><br> **PRETRIAL SCHEDULING ORDER** <br> **(ERISA BENEFITS CASE)** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1.  Fact Discovery

    a.  Defendant shall provide the Administrative Record to Plaintiff on or before July 12, 2024.

    b.  Discovery is not allowed in ERISA benefits cases unless the parties agree or upon order of the Court. If the parties agree to discovery, or if a party moves by filing a motion on or prior to September 27, 2024, and if this Court grants discovery, then the schedule and limitations shall apply as follows:

        i.  Fact discovery shall be <u>commenced in time to be completed</u> on or before April 1, 2025.

        ii. No more than 25 Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by any party.

        iii. Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Document Requests.

        iv. Each party agrees to abide by the Federal Rules of Civil Procedure and the Local Rules with respect to Requests for Admission.

1

v. No more than four depositions, excluding expert witness depositions, shall be taken by any party.

vi. At this time, the Parties agree that a protective order is not necessary; however, if a protective order should be necessary, the parties shall jointly submit a proposed order. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary. If a party files a document containing confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6. **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit A attached hereto.** Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.

vii. Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

2. ESI Discovery Plan

The parties shall preserve all electronic documents that bear on any claims, defenses, or the subject matter of the lawsuit.

3. Expert Discovery

Section intentionally deleted at the request of parties.

4. Non-Dispositive Motions

a. Non-dispositive motions may be scheduled for hearing by calling the Court's Courtroom Deputy at 612-664-5470.

b. All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before the date set forth in Section 1(b) of this Order as the deadline for parties to file motions seeking discovery in this case.

c. If the parties agree to discovery, or if a party moves and this Court grants discovery, then the schedule and limitations shall apply as follows:

2

i. All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before the date set forth in Section 1(b)(i) as the deadline for completion of fact discovery if permitted in this case.

ii. Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1, and shall be presented in a form that complies with D. Minn. LR 37.2.

iii. At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.</u>, the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact the Court's Courtroom Deputy to schedule the conference. The parties shall submit <u>short</u> letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

5. <u>Dispositive Motions</u>

a. All dispositive motions shall be filed by the moving party on or before June 1, 2025.

b. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Judge Brasel's

3

Courtroom Deputy at 612-664-5050. **Courtesy copies of filings are not requested or accepted by Judge Brasel.**

6. Status & Settlement Conferences

   a. On or shortly before September 13, 2024, December 13, 2024, and March 7, 2025, counsel for each party shall submit CONFIDENTIAL letter(s) to the Court setting forth with reasonable specificity the status of the case; the relative strengths and weaknesses of each party's position; an update of efforts toward settlement; the last settlement positions of the parties; whether a settlement conference with a private mediator or the court would be productive; and a litigation budget. Each letter shall not exceed three pages. On or shortly before the date each such letter is due, counsel for the parties shall meet and confer to discuss the status of the case and discuss settlement.

   b. A formal settlement conference shall be scheduled by the Court on a later date when needed.

7. Trial

   a. This case shall be ready for a Court trial on October 1, 2025.

   b. Anticipated length of trial is 1-2 days.

8. Prior Orders and Remedies

   a. All prior consistent orders remain in full force and effect.

   b. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

4

**IT IS SO ORDERED.**

Dated: May 24, 2024

s/Tony N. Leung
Magistrate Judge Tony N. Leung
United States District Court
District of Minnesota

*Sanders v. United of Omaha Life Insurance
Company
24-cv-0364 NEB/TNL*

 Gmail

**Carolyn Price-Sanders <carolprice609@gmail.com>**

---

## Copy of letter to judge
1 message

---

**Brandon Operana** <brandon@operanalaw.com>             Thu, May 30, 2024 at 1:52 PM
To: Carolyn Price-Sanders <carolprice609@gmail.com>

Hi Carolyn,

As you requested, here is the letter I sent to the Judge. I informed the Judge that I did not believe we would be able to settle informally and that we would like an early settlement conference scheduled.

I also attached the joint report that me and the other attorney sent to the judge. In that report, we requested the trial be set for March 14, 2025, which would have made the settlement conference occur well before that date. Unfortunately, the Judge set it out for October 1, 2025 instead.

**Brandon Operana**

Attorney at Law

Direct: 612-568-8607

brandon@operanalaw.com

Operana Law Office, PLLC | OperanaLaw.com

The information in this e-mail is confidential and may contain attorney-client privileged information and/or attorney work product and is intended solely for the addressee(s). Access to this email by anyone else is unauthorized. If you are not the intended recipient, any disclosure, copying, distribution, or any use or reliance on any information contained herein is strictly prohibited. If you have received this message in error, please notify the sender immediately and delete it.

---

**2 attachments**

📄 **Doc 9 - Joint Rule 26f Report - Sanders v. Omaha.pdf**
44K

📄 **5-23-24 CSL - Sanders v. Omaha 24-cv-364.pdf**
166K